# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10994 PA (AGRx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | Lupi Edwards, et al. v. Ford Motor Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

　　　Prior to the removal of this wrongful death action to this Court, plaintiff Lupi Edwards was appointed guardian ad litem of her minor son, plaintiff R.S.A. The Court, however, is concerned that a conflict of interest may exist between plaintiff Lupi Edwards and plaintiff R.S.A. Case law teaches that, where the guardian and the child are potential claimants to the same settlement fund, the parent's interest are potentially in conflict with the child's. See Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989). Where the Court identifies a potential conflict, it has a legal obligation to consider whether a minor's (or incompetent's) interests are adequately protected. See United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986).

　　　Accordingly, Plaintiffs are ordered to show cause, in writing no later than March 25, 2013, either why no conflict exists in this case or why the Court should permit the current guardian ad litem to continue in that capacity despite the existence of the conflict. Plaintiffs may also select an appropriate party to act as guardian ad litem for R.S.A., for example from the Probate Volunteer Panel of the Los Angeles Superior Court.

　　　IT IS SO ORDERED.