**ROSE, KLEIN & MARIAS LLP**
RICHARD G. BARONE (STATE BAR NO. 93487) R.BARONE@RKMLAW.NET
KEVIN P. SMITH (STATE BAR NO. 252580) K.SMITH@RKMLAW.NET
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
(213) 626-0571
(213) 62307755 FAX

**BISNAR|CHASE**
ONE NEWPORT PLACE
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Facsimile: (949) 752-2777
BRIAN D. CHASE (STATE BAR NO. 164109) BCHASE@BISNARCHASE.COM
SCOTT A. RITSEMA (STATE BAR NO. 138193) SRITSEMA@BISNARCHASE.COM

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPI EDWARDS, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, INC.; DOES 1 to 200, Inclusive,<br><br>Defendants. | CASE NO. CV12-10994 PA (AGRx)<br>The Hon. Percy Anderson<br>Court Rm.: 15<br>Action Filed: September 21, 2012<br><br>**PLAINTIFFS' NON-RETAINED EXPERT WITNESS DR. MICHAEL CHAMBLISS' OFFER OF PROOF** |

Plaintiffs respectfully submit this Offer of Proof as to witness Dr. Michael Chambliss, who Plaintiffs intend to offer in their case-in-chief at the trial scheduled for January 21, 2014. Attached to this offer of proof are Plaintiffs' Expert Designation identifying Dr. Chambliss as a non-retained expert (Exhibit A); the August 27, 2013 Deposition of Dr. Chambliss (Exhibit B), the Coroner's Report dictated by Dr. Chambliss (Exhibit C), and a DVD containing the exhibits produced in Dr. Chambliss's deposition (Exhibit D), which will be provided to the Court on December 19, 2013 along with the Courtesy Copy. Dr. Chambliss was listed as a non-retained expert witness in the Plaintiffs' Disclosure of Expert Witnesses. Dr. Chambliss also relied upon all of the materials that he produced at

his deposition, his reports, and his experience and knowledge in coming to his opinions.

## DR. MICHAEL CHAMBLISS'S OPINIONS

**In General:** Dr. Chambliss was the Coroner Pathologist who performed the autopsy on Mr. Fiailoa Edwards (hereinafter "Decedent"), and will testify regarding his findings on the autopsy regarding the injuries sustained by Decedent and the causes of his death.

**Testimony1:**

Dr. Chambliss has been a coroner pathologist since 2003, and performs autopsies to determine cause of death and manner of death. (Chambliss Dep. 5). Dr. Chambliss started his training in 1984 (Chambliss Dep. 6), and is board certified in anatomical pathology, clinical pathology and forensic pathology (Chambliss Dep. 8). Dr. Chambliss has performed over 5,000 autopsies, and certified over 7,000 deaths (Chambliss Dep. 16). Automobile accidents are one of the top four reasons for death, so Dr. Chambliss has done close to 1,000 autopsies on automobile accident victims, a third of which are rollover victims (Chambliss Dep. 9-10). Dr. Chambliss spoke to Deputy Coroner Sarah Davis about the scene of the accident because Ms. Davis responded to retrieve the decedent's body (Chambliss Dep. 24).

**Relevance:** This establishes a foundation for Dr. Chambliss's autopsy experience and education, and adds weight to his authority and opinions.

**Basis:** Personal knowledge, education, training and experience

**Opinion 2:**

Dr. Chambliss will discuss the process followed during the autopsy of the Decedent. The autopsy was performed on June 13, 2011, the day after Decedent's

death. First Dr. Chambliss would have gathered all of the information that Ms. Davis collected, then checked the body for personal items, document clothing and items, disrobe the body, documented appearance and external findings, and finally moved to internal examination (Chambliss Dep. 30). Examination begins at the organs, then moves to head and neck, and also samples for toxicology would be drawn. Bloody fluid samples would be retained for records. Finally, the preliminary autopsy findings would be listed, and the report for Mr. Edwards was prepared later based on Dr. Chambliss's notes and diagram taken during the autopsy (Chambliss Dep. 31). Photographs were taken during the course of the autopsy. The report was dictated late September, and completed mid-November because of the coroner's caseload (Chambliss Dep. 35). An autopsy assistant helped with the exam (Chambliss Dep. 32).

**Relevance:** This helps to establish a basis for Mr. Edwards' autopsy, how it was performed, documented and the conclusion. This foundation shows that the autopsy was done according to procedure, and is reliable.

**Basis:** Personal knowledge, notes prepared by Dr. Chambliss and his autopsy experience and education and training.

**Opinion 3:**

The following is a list of findings in the autopsy that Dr. Chambliss witnessed and reported: food in stomach; fibrous adhesions in thoracic cavity; adhesions over liver; hemorrhage; soft tissue over front of pericardial sac; horizontally fractured sternum; hemorrhage of soft tissue around sternum; fractured clavicles; horizontal fracture of 7th cervical vertebra; fracture of posterior left first rib; fracture of 3rd cervical vertebra; arthritic changes of thoracic spine; hemorrhage of muscles on top of each shoulder and front of lower cervical spine (associated with clavicle fractures); neck muscles, larynx, epiglottis hyoid bone is ok; large bite mark on side of tongue; no thyroid gland

problems; right lung weight of 685; left lung weight of 615; contusions on the lungs; congestion/edema; no lacerations; sclerosis of the cartilages narrowing the upper trachea; heart of 610 grams; enlarged atria; mild redundancy of mitral valve leaflets; myocardium of left ventricle; focal calcification of coronary arteries, but free of atherosclerosis; liver, gallbladder, biliary track are ok; slightly soft spleen; negative significant lymph adenopathy; right kidney of 208 grams; left kidney of 223 grams; small corticocysts on each kidney; dilated pelvic region in right kidney; congested kidneys; urine in urinary bladder; mucosa is fine; prostate gland moderately enlarged; fatty tissues around vas deference; pancreas of 361 grams; autolized adrenals; fat infiltration of the gland; puffy tissue on face; hematoma of entire forehead frontal region of scalp; extensive hemorrhage of reflected scalp and outer skull; negative fracture; no hemorrhage present inside skull; brain free of injury, ventricles ok, floor of skull ok; blood, urine and vitreous toxicology taken; tissue stock taken and saved in formaldehyde (Chambliss Dep. 38-41). Evidence of face/neck compression (hematoma on right neck, abrasion on right cheek) indicates a pattern-type injury on right side of the face and neck showing they were compressed against something (Chambliss Dep. 49). Decedent was circumcised. He had a boggy area of forehead and frontal scalp, black mustache, good teeth, and some blood around the mouth (Chambliss Dep. 53). He had straw covering his clothes, and evidence of four EKG strips used to try to medically treat the body (Chambliss Dep. 53).

He was carrying a wallet with $101 and multiple cards and personal papers (Chambliss Dep. 53). He had clean toenails, multiple scars on his shins, a surgical scar on his ankle, and an abrasion on the inner left elbow (Chambliss Dep. 54).

Some significant external injuries appeared on the face and shoulder (Chambliss Dep. 56), including abrasions to face, hematoma and fractures to shoulders, and an elbow injury (Chambliss Dep. 57).

**Relevance:** The basic findings of this autopsy serve to establish the cause of Decedent's death, and supports findings proffered by Dr. Burton regarding cause of death, and probable mechanical and positional asphyxiation.

**Basis:** Personal knowledge, education, training and experience; Exhibit 10; Exhibit 10-43

**Opinion 4:**

Cause of death: Dr. Chambliss establishes cause of death as head, neck, and chest injuries incurred during a motor vehicle collision (Chambliss Dep. 41). Decedent received blunt force injuries of the head and neck, a fracture of the lower cervical spine and upper cervical spine, extensive scalp injuries, and hematomas on the neck and face. Decedent received blunt force injuries of the chest, a fracture of the upper sternum, pulmonary contusions, and a possible fracture of the thoracic spine. Decedent had cardiomegaly of the heart, so his heart weighed 610 grams (Chambliss Dep. 42).

Decedent's fractured sternum could have been a cause of death if it struck Decedent's heart, causing a disruption of the rhythm or a rupture (Chambliss Dep. 74). Decedent has a hemorrhage over his pericardial sac, and some of it is associated with the sternum fracture, which could be associated with death, but Dr. Chambliss cannot say for certain with Decedent whether it caused death (Chambliss Dep. 75). Lung contusions generally are not causes of death in themselves unless they lacerate lungs or cause big injuries (Chambliss Dep. 74).

Focal contusions were found on the lungs, which indicate trauma to the rib cage (Chambliss Dep. 69). Diffused axonal injury is possible because of the degree of impact that has been noted to the head (Chambliss Dep. 71), but Dr. Chambliss cannot say that a diffused axonal injury occurred to a reasonable medical probability (Chambliss Dep. 80).

**Relevance:** Dr. Chambliss's findings as to cause of death will serve as foundation for Dr. Burton's opinions on cause of death, including mechanical or positional asphyxiation when taken in tandem with general autopsy findings, such as the heavier lungs.

**Basis:** Personal knowledge, education, training and experience and Decedent's autopsy findings.

**Opinion 5:**

Significant injuries are injuries that can result in death, either immediately or over time. The significant injuries to the Decedent include: the boggy head area on the forehead and frontal scalp; the right cheek area (underlying findings internally go along with the external injuries); bruise on the top right shoulder because of underlying fractured clavicle. The external findings are evidence of the extensive and significant underlying internal injuries (Chambliss Dep. 58).

**Relevance:** Dr. Chambliss is identifying some of the injuries that could have contributed to death, but does not identify all. This information supplies foundation for Dr. Burton's analysis of cause of death.

**Basis:** Personal knowledge, education, training, experience, and Decedent's autopsy findings.

**Opinion 6:**

To get a boggy forehead, the Decedent must have had his forehead impacted hard, not scraped, and this injury is seen often in automobile accidents (Chambliss Dep. 63).

The elbow injury is more of a scraping abrasion, but is too localized to call it "road rash" (Chambliss Dep. 64).

No opinions were made as to seat-belt-caused injuries because Dr. Chambliss did not see the vehicle or the positioning in the driver's compartment to make any opinions on possible seat belt injuries (Chambliss Dep. 65).

Dr. Chambliss saw the cervical vertebra fractures, but did not open up the location of the fractures to search for spinal cord injuries and so he cannot opine on spinal cord injuries (Chambliss Dep. 66).

Some of Decedent's injuries are common in general in motor vehicle accidents (Chambliss Dep. 67).

**Relevance:** Dr. Chambliss helps to establish how particular injuries may have occurred, which are relevant to cause of death and Ford's liability.

**Basis:** Personal knowledge, training, experience and Decedent's autopsy.

**Opinion 7:**

Toxicology revealed no use of drugs or alcohol by Decedent (Chambliss Dep. 68).

**Relevance:** The toxicology report establishes that no traces of drugs and alcohol were found therefore they were not a factor in the incident.

**Basis:** Toxicology samples taken during the autopsy, and tested by an outside lab, which returned reports to Dr. Chambliss' deposition; exhibits.

**Opinion 8:**

Dr. Chambliss issued a form upon completion of the autopsy, and a deputy coroner completed the form by inserting the causes of death stated by Dr. Chambliss (Chambliss Dep. 81). It was completed before the report was prepared (Chambliss Dep. 81).

**Relevance:** This establishes the foundation for the death certificate.

**Basis:** Personal knowledge.

///

| | |
|---|---|
| Dated: December 18, 2013 | ROSE, KLEIN & MARIAS LLP<br><br>By: _____<br>RICHARD G. BARONE<br>Attorney for Plaintiffs |

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 801 South Grand Avenue, 11th Floor, Los Angeles, California 90017-4645.

On December 18, 2013 I served the foregoing document described as PLAINTIFFS' NON-RETAINED EXPERT WITNESS DR. MICHAEL CHAMBLISS' OFFER OF PROOF all interested parties in this action by:

[X]   (COURT'S CM/ECF SYSTEM)
Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the interested parties listed below.

[X]   (FEDERAL)
I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 18, 2013, at Los Angeles, California.

_____
Kevin P. Smith

PROOF OF SERVICE