1  ROSE, KLEIN & MARIAS LLP
   RICHARD G. BARONE (State Bar No. 93487)
2  r.barone@rkmlaw.net
   JAMIE K. RINEHART (State Bar No. 293491)
3  j.rinehart@rkmlaw.net
   801 S. Grand Avenue, 11th Floor
4  Los Angeles, California 90017-4645
   (213) 626-0571; Fax (213) 623-7755
5
   BISNAR|CHASE
6  BRIAN CHASE (State Bar No. 164109)
   bchase@bisnarchase.com
7  One Newport Place
   1301 Dove Street, Suite 120
8  Newport Beach, CA 92660
   (949) 752-2999; Fax (949) 752-2777
9
   Attorneys for Plaintiffs, LUPI EDWARDS, et al.
10
                 **UNITED STATES DISTRICT COURT**
11
                 **CENTRAL DISTRICT OF CALIFORNIA**
12

13
14  LUPI EDWARDS, individually and as
    decedent FIAILOA SAUPO
15  EDWARDS' successor-in-interest; and
    RUBY SERA AUNEI, a minor, by LUPI
16  EDWARDS, her guardian ad litem,

17              Plaintiffs,

18  vs.

19  FORD MOTOR COMPANY, INC.;
    DOES 1 to 200, Inclusive,

20              Defendant.

21
22
23
24
25
26
27  / / /

28  / / /

Case No. CV 12-10994 PA (AGRx)
The Hon. Percy Anderson
Court Room 15

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO COUNTY CORONER'S PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY REMOTELY, VIA VIDEOCONFERENCE**

Trial Date:        December 9, 2014

Plaintiffs hereby oppose Defendant Ford's Motion to Allow Dr. Chambliss to Remotely Testify for the following reasons:

1.      Dr. Chambliss's unavailability is not unforeseeable or unexpected, and therefore there is no compelling reason to allow him to remotely testify;

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
Tel. (213) 626-0571 · Fax (213) 623-7755

2.      Alternative methods were available to address this foreseeable issue, including a second deposition of Dr. Chambliss under Fed. R. Civ. Proc. 30(a)(2), or the use of Dr. Chambliss's original deposition at trial;

3.      The importance of live testimony cannot be forgotten, and a videoconference would not only be prejudicial to the Plaintiffs, but also it would be unfair to a jury;

4.      Plaintiffs have been afforded no safeguards in order to present the testimony of Dr. Chambliss in the best way because no advance notice was given by Defendant;

5.      Dr. Chambliss was never designated by Defendant Ford as a retained or a non-retained expert, yet Defendant intends to introduce Dr. Chambliss for testimony on matters outside the normal purview of a juror's experience;

6.      Plaintiffs intend to de-designate Dr. Chambliss as an expert witness, and the only admissible testimony after de-designation will be his findings, not his opinions, which have already been fully discussed at his August 27, 2013, deposition.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny in its entirety Defendant's late request for video-conferenced testimony.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
TEL (213) 626-0571 • FAX (213) 623-7755

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO COUNTY CORONER'S
PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY REMOTELY, VIA VIDEOCONFERENCE

**MEMORANDUM**

I.    **DEFENDANT HAS FAILED TO PRESENT GOOD CAUSE AND COMPELLING CIRCUMSTANCES TO PERMIT DR. CHAMBLISS TO TESTIFY REMOTELY**

Federal Rule of Civil Procedure 43(a) allows for remote testimony provided that good cause is shown in compelling circumstances with appropriate safeguards. It is within the Court's discretion to decide whether to allow remote testimony, and a Court may deny a party's request, even where all parties have stipulated to its use. FED. R. CIV. PROC. 43 advisory committee's notes on 1996 amendment (hereinafter "FRCP 43 Advisory Committee Notes").

A.    **Defendant Has Failed to Show Compelling Circumstances Because Dr. Chambliss's Absence is Neither Unexpected, Unforeseeable, Nor Sudden**

Federal Rule of Civil Procedure 43(a)'s advisory committee notes provide that compelling circumstances arise when a witness is unable to attend for unexpected reasons: namely, accident or illness. Another reason, although less compelling, is when the interjection of new issues during trial gives rise to the need for testimony. FRCP 43 Advisory Committee Notes. However, other than unexpected reasons such as accident or illness, the Advisory Committee Notes caution that "[o]ther possible justifications for remote transmission must be approached cautiously."

Defendant failed to timely investigate the availability of Dr. Chambliss for trial. By his own admission, Mr. Schuttert learned on December 3, 2014, that Dr. Chambliss would be unavailable because Dr. Chambliss's partner would be out of the country and Dr. Chambliss would be the only available pathologist. Schuttert Decl. ¶ 2. Defendant has provided no evidence that Dr. Chambliss was suddenly placed in the position of covering for his partner, and on the contrary it would be reasonable to assume that his schedule had been known for some time by him.

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
TEL (213) 626-0571 • FAX (213) 623-7755

Case No. CV 12-10994 PA (AGRx)

1       The Court entered an Order on June 20, 2014, scheduling trial to commence

2 on December 9, 2014. *See* Declaration of Jamie Rinehart, at ¶ 2 (hereinafter

3 "Rinehart Decl."), see Civil Minutes and Court Order from June 20, 2014, attached

4 to the Declaration as Exhibit "A". Defendant has been aware of this date for months,

5 but failed to investigated Dr. Chambliss's availability. At any time leading up to this

6 trial, Defendant could have investigated the availability, and obtained reasonable

7 alternative testimony.

8       Finally, the issue of asphyxia was introduced no later than September 17,

9 2013, in Dr. Burton's Rule 26 report.  Having been over a year, asphyxia is certainly

10 not a new issue giving rise to the need for last minute video-conferenced testimony.

11 Therefore, Defendant's motion should be denied for failure to provide a compelling

12 reason.

13 **B.**   **A Superior Means of Securing the Testimony of Dr. Chambliss**

14        **Was Available For Over a Year, But Defendant Failed to Take the**

15        **Opportunity to Investigate Dr. Burton's Asphyxia Claims with Dr.**

16        **Chambliss**

17 According to the FRCP 43 Advisory Committee Notes to the 1996

18 Amendment, remote transmission must be approached cautiously and alternative

19 superior methods of obtaining testimony exist in lieu of remote testimony.

20       Where a party could reasonably foresee the circumstances giving rise to the

21 need for remote testimony, that party will "have special difficulty in showing good

22 cause and the compelling nature of the circumstances." FRCP 43 Advisory

23 Committee Notes.  As demonstrated above, Defendant's untimeliness in obtaining

24 Dr. Chambliss's availability does not give rise to compelling circumstances. Rather,

25 superior alternative methods of obtaining testimony has existed for quite some time,

26 and video-conference should not be provided in lieu of these methods.

27       Defendant could have asked for leave of the Court to depose Dr. Chambliss a

28 second time, under Federal Rule of Civil Procedure 30(a)(2)(A)(ii). Dr. Chambliss

ROSE, KLEIN & MARIAS LLP

801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
Tel. (213) 626-0571 • Fax (213) 623-7755

Case No. CV 12-10994 PA (AGRx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO COUNTY CORONER'S
PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY REMOTELY, VIA VIDEOCONFERENCE

1    was deposed on August 27, 2013.  Rinehart Decl. ¶ 3.  Dr. Burton's Rule 26 Report

2    disclosing his asphyxia opinion was provided to Defendant on September 17, 2013.

3    Rinehart Decl. ¶ 4.  Defendant has known since June 20, 2014, that trial would

4    commence on December 9, 2014.  Rinehart Decl. ¶ 2.  Defendant had sufficient time

5    to investigate the asphyxia claims, rather than relying on Dr. Chambliss to be

6    available to testify at trial as the sole method of obtaining testimony in response to

7    Plaintiff's claims.  For the foregoing reasons, Defendant's Motion should be denied.

8        **C.**    **The Importance of Live Testimony Should Not Be Underestimated**

9           The use of remote transmission should be approached cautiously because,

10   among other reasons, remote transmission does not lend itself well to the formality

11   and seriousness of testifying at trial.  According to the Advisory Committee Notes,

12   "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful

13   force for truthtelling." Not only is this attempt to obtain asphyxia opinions untimely

14   because of the serious delay in requesting information pertaining to an autopsy in

15   which opinions were formed years ago, but also the formality of trial and safeguards

16   for truthtelling are undermined by permitting impromptu video-conferencing.

17   Where Defendant's aim is to introduce new evidence previously not obtained from

18   Dr. Chambliss, an alternative method, such as a second deposition, would have

19   allowed all parties to be present with Dr. Chambliss when his opinions were formed.

20   **II.**    **DEFENDANT FAILED TO GIVE ADEQUATE ADVANCE NOTICE**

21         **OF THE ISSUE OF AVAILABILITY, AND THEREFORE PLAINTIFF**

22         **WAS DENIED TO THE OPPORTUNITY TO ENSURE**

23         **ALTERNATIVE METHODS OF TESTIMONY**

24          FRCP 43 Advisory Committee Notes provide that "[o]ther safeguards should

25   be employed to ensure that advance notice is given to all parties of foreseeable

26   circumstances that may lead the proponent to offer testimony by transmission."

27   This is particularly "important to protect the opportunity to argue for attendance of

28   the witness . . . [and also ensures] an opportunity to depose the witness . . . as a

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
TEL (213) 626-0571 • FAX (213) 623-7755

5            Case No. CV 12-10994 PA (AGRx)

1  means of supplementing transmitted testimony." FRCP 43 Advisory Committee

2  Notes.

3       Defendant has not provided evidence showing that its subpoena of Dr.

4  Chambliss was timely, nor did Defendant provide evidence suggesting that his

5  unavailability was sudden and unexpected.  By not inquiring into his availability

6  upon learning of the trial date, Defendant ran the risk of his unavailability.

7  Defendant did not provide notice of his unavailability to Plaintiffs until less than a

8  week before trial.  No time was given to the Plaintiffs to secure a deposition in order

9  to have both sides present with Dr. Chambliss to obtain his opinion on asphyxia.

10  Because no advance notice was provided, Plaintiffs have not been able to prepare

11  for new opinions from Dr. Chambliss that had previously not been discussed.  For

12  the foregoing reasons, Defendant's Motion should be denied.

13  III.  **DEFENDANTS DID NOT DESIGNATE DR. CHAMBLISS AS EITHER**

14       **A RETAINED OR NON-RETAINED EXPERT, AND SHOULD BE**

15       **PRECLUDED FROM OFFERING HIS EXPERT TESTIMONY AT**

16       **TRIAL**

17       Nothwithstanding all of the foregoing reasons for denying Defendant's

18  motion, the Federal Rules of Civil Procedure preclude parties from offering the

19  testimony of an expert if the expert has not been designated and disclosed as a non-

20  retained or retained expert by the party.  FED. R. CIV. PROC. 26(a)(2).  If Dr.

21  Chambliss was to be treated as even a non-retained expert by Defendant, Defendant

22  failed to report the subject matter and summary of facts and opinions to which he is

23  expected to testify, as required by Federal Rule of Civil Procedure 26(a)(2)(B-C).

24       Further, if a party fails to identify a witness or provide information related to

25  a witness testimony under FRCP 26(a), then that party is precluded from supplying

26  the evidence on motion, at a hearing, or at trial, unless the failure was "substantially

27  justified or is harmless." FED. R. CIV. PROC. 37(c)(1).  Defendant's failure to

28

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
TEL. (213) 626-0571 • FAX (213) 623-7755

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO COUNTY CORONER'S
PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY REMOTELY, VIA VIDEOCONFERENCE

1  designate Dr. Chambliss was neither justified nor harmless, and therefore Defendant

2  should be precluded from offering Dr. Chambliss's opinions at trial in any form.

3      Defendant disclosed expert witnesses on September 17, 2013, and updated the

4  disclosures with rebuttal experts on October 8, 2013, well after learning about Dr.

5  Burton's opinion.  Rinehart Decl. ¶ 5, see Defendant's Expert Witness Disclosure

6  attached to the Declaration as Exhibit "B", see Defendant's Rebuttal Expert Witness

7  Disclosure attached to the Declaration as Exhibit "C".  Dr. Chambliss was not

8  identified.  Defendant also did not designate Dr. Chambliss as a retained or non-

9  retained expert in its expert witness designations to the Court.  Rinehart Decl. ¶ 6,

10 see Defendant's Expert Witness Designations attached to the Declaration as Exhibit

11 "D".

12     Defendant had ample time to designate Dr. Chambliss and obtain opinions

13 regarding asphyxia, but failed to do so.  Defendant has provided no evidence to

14 justify this failure. The use of Dr. Chambliss by video-conference would prejudice

15 Plaintiffs. Plaintiffs were not informed that Defendant intended to introduce Dr.

16 Chambliss to speak on potential asphyxiation in response to Dr. Burton's claims, and

17 so Plaintiffs have not had an opportunity to prepare for his surprise testimony on

18 asphyxia. Defendant's failure is not harmless to the parties involved, nor was it

19 justified. For these reasons, Defendant's Motion should be denied.

20 **IV.  PLAINTIFFS INTEND TO DE-DESIGNATE DR. CHAMBLISS AS AN**

21 **EXPERT AND WILL NOT BE CALLING HIM AT TRIAL**

22     Plaintiffs intend to de-designate Dr. Chambliss as an expert witness.

23 Plaintiffs do not intend to call him at trial. Testimony from Dr. Chambliss, if any,

24 would come through the form of his deposition testimony which was designated

25 previously.  As a non-expert, Dr. Chambliss will only be allowed to testify as to his

26 process and his findings, but not his expert opinions.

27     Dr. Chambliss's process and findings were extensively covered in his August

28 27, 2013 deposition.  His potential opinions drawn as to asphyxia or other ultimate

ROSE, KLEIN & MARIAS LLP

7

Case No. CV 12-10994 PA (AGRx)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO COUNTY CORONER'S PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY REMOTELY, VIA VIDEOCONFERENCE

1 | opinions are inadmissible in light of his de-designation. Because Defendant will be
2 | unable to produce testimony by video-conference that has not already been explored
3 | through deposition testimony, which Defendant designated, Defendant should be
4 | restricted to presenting deposition testimony of Dr. Chambliss, and not video-
5 | conference testimony.

6 | V.    **CONCLUSION**

7 |        For all of the foregoing reasons, Defendant's Motion to allow Dr. Chambliss
8 | to testify remotely via video-conference should be denied in its entirety.

9

10

11 | DATED: December 8, 2014        ROSE, KLEIN & MARIAS LLP

12

13

14 | By: _Jamie Rinehart_____

15 | Jamie K. Rinehart
   | Attorneys for Plaintiffs, LUPI EDWARDS,
16 | et al.

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
TEL (213) 626-0571 • FAX (213) 623-7755

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO COUNTY CORONER'S
PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY REMOTELY, VIA VIDEOCONFERENCE

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801 S. Grand
4    Avenue, 11th Floor, Los Angeles, CA 90017-4645.

5        On December 8, 2014, I served true copies of the following document(s) described as
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ALLOW FRESNO**
6    **COUNTY CORONER'S PATHOLOGIST, DR. MICHAEL CHAMBLISS, TO TESTIFY**
**REMOTELY, VIA VIDEOCONFERENCE** on the interested parties in this action as follows:

7

8        Dan Rodman
    Jay Schuttert
    Jonathan Murphy
9        Snell & Wilmer, LLP
    600 Anton Boulevard
10       Suite 1400
    Costa Mesa, CA  92626

11

12       **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the
document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case
13   who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case
who are not registered CM/ECF users will be served by mail or by other means permitted by the
14   court rules.

15       I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
16   Court at whose direction the service was made.

17       Executed on December 8, 2014, at Los Angeles, California.

18

19                             *Jamie Rinehart*
                  Jamie K. Rinehart
20

21

22

23

24

25

26

27

28

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-4645
TEL. (213) 626-0571 · FAX (213) 623-7755